United States District Court
Southern District of Texas
**ENTERED**
June 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YANIRA GONZALEZ, BOP #09161-509, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-3562 |
| | § | |
| WARDEN TANISHA HALL, FPC BRYAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Yanira Gonzalez (BOP #09161-509), is a federal inmate in the United States Bureau of Prisons Federal Prison Camp in Bryan, Texas. She has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 6), challenging the calculation of time credits on her sentence. She also asserts claims related to her underlying criminal case. The respondent, Warden Tanisha Hall, has filed a Motion to Dismiss and for Summary Judgment ("Respondent's MTD and MSJ") (Docket Entry No. 14) along with exhibits (Docket Entry No. 15), arguing that the Petition must be dismissed because Gonzalez failed to exhaust administrative remedies before filing suit as to her sentence calculation claims and because the court lacks subject matter jurisdiction as to the remaining claims. Gonzalez has not filed a response to Respondent's MTD and MSJ, and her time to do so has expired. This action will be dismissed without prejudice for the reasons explained below.

## I. Background

In 2024 Gonzalez pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of heroin and marijuana in the United States District Court for the Eastern District of Texas.[1] She was sentenced to serve a 120-month term of imprisonment, followed by a five-year term of supervised release.[2]

In her pending Petition Gonzalez asserts four grounds for relief.[3] First, she appears to allege that in connection with her underlying criminal case her due process rights and her rights to a speedy trial and to counsel were violated.[4] Second, she claims that she should have received time credits under the First Step Act of 2015 and the Second Chance Act of 2008.[5] She asserts she is entitled to 12 months in a halfway house and 6 months of home confinement.[6] Third, Gonzalez claims that she was coerced into pleading guilty in her criminal case and that she has been subjected to cruel and unusual punishment under the Eighth

---

[1] See Petition, Docket Entry No. 6, p. 1; see Judgment in a Criminal Case ("Judgment"), Ex. A to Respondent's MTD and MSJ, Docket Entry No. 15, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted by the courts Electronic Case Filing system.

[2] See Judgment, Ex. A to Respondent's MTD and MSJ, Docket Entry No. 15, pp. 3-4.

[3] Petition, Docket Entry No. 6, pp. 6-7.

[4] Id. at 6.

[5] Id.

[6] Id.

Amendment.[7] Fourth, she claims that she is eligible for good-time credit in the amount of 756 days.[8] She asks for immediate release from custody because she has "served all [her] time under the new laws," and she is eligible for good-time credit in the amount of 25.2 months.[9]

The respondent has moved to dismiss the Petition, in part, without prejudice for lack of jurisdiction and enter summary judgment, in part, for failure to exhaust administrative remedies prior to filing suit.[10]

The court directed Gonzalez to respond within 30 days to any motion filed by the respondent.[11] The court warned Gonzalez that her failure to respond within the time allowed could result in dismissal for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.[12] Petitioner has not filed a response within the time allowed, as directed.

## II.   Discussion

### A.   Claims Challenging Petitioner's Sentence Calculation

Gonzalez argues that she should have received time credits under the First Step Act of 2015 and the Second Chance Act of

---

[7] See id.

[8] Id. at 7.

[9] Id.

[10] See Respondent's MTD and MSJ, Docket Entry No. 14, p. 1.

[11] See Order to Answer, Docket Entry No. 8, p. 2 ¶ 4.

[12] Id. at 2-3 ¶ 4.

2008.¹³ She asserts she is entitled to 12 months in a halfway house and 6 months of home confinement.¹⁴ She also claims that she is eligible for good-time credit in the amount of 756 days.¹⁵

The respondent argues that Gonzalez's challenge to the calculation of her sentence should be dismissed because she did not exhaust her administrative remedies.¹⁶ The respondent has presented evidence showing that Gonzalez did not complete every step of the BOP's administrative remedy process as required before filing this suit.¹⁷ A federal prisoner seeking relief under 28 U.S. C. § 2241 "must first exhaust [her] administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted)); see also Broderick v. Chapman, 364 F. App'x 111, 112 (5th Cir. 2010) (per curiam) ("A federal prisoner seeking relief pursuant to Section 2241 must first exhaust her administrative remedies through the Bureau of Prisons.") (citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)).

The Bureau of Prisons has a four-step administrative remedy process, including: "(1) informal resolution of the issue with prison staff, submitted on form BP-8; (2) a formal administrative

---

¹³Petition, Docket Entry No. 6, p. 6 (Ground Two).

¹⁴Id.

¹⁵Id. at 7 (Ground Four).

¹⁶Respondent's MTD and MSJ, Docket Entry No. 14, pp. 4-7.

¹⁷See Declaration of Tanya Smith ("Smith Decl."), Ex. B to Respondent's MTD and MSJ, Docket Entry No. 15-1, p. 3 ¶ 7.

remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11." Butts v. Martin, 877 F.3d 571, 582 (5th Cir. 2017) (citing 28 C.F.R. §§ 542.13-15). Exceptions to the exhaustion requirement apply only where the petitioner demonstrates that "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (quotation omitted).

Gonzalez acknowledges that she did not exhaust her administrative remedies before seeking relief in federal court.[18] Gonzalez, who has failed to respond to the Respondent's MTD and MSJ, has not met her burden to show that exhaustion should be excused. Where administrative remedies have not been exhausted as required, a habeas petition is properly dismissed without prejudice. Because the respondent is entitled to summary judgment on this issue, the Petition will be dismissed without prejudice, in part, for this reason.

**B.   Petitioner's Remaining Claims**

Gonzalez's remaining claims cannot be brought in this action under § 2241. She claims that her due process rights, right to a speedy trial, and right to counsel were violated and that she was

---

[18] See Petition, Docket Entry No. 6, pp. 2-3 ¶¶ 7-9.

coerced into pleading guilty in connection with her criminal conviction in United States v. Yanira Yvette Gonzalez, Criminal Action No. 4:20-cr-00179 (E.D. Tex., Sherman Div.).[19] Because Gonzalez is attempting to challenge her underlying conviction, these claims are properly brought, if at all, in a motion under 28 U.S.C. § 2255. "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Id. (citations omitted). "A section 2255 motion, by contrast, 'provides the primary means of collateral attack on a federal sentence'. . . . and must be filed in the sentencing court." Id. (quoting Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990)). "A petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." Id. at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (per curiam)). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Id.; see also Barrientes v. Warden USP Pollock, No. 23-30896, 2024 WL 2369376, at

---

[19] Id. at 6 (Ground Three).

*1 (5th Cir. May 23, 2024) (per curiam) ("If the district court does not construe the [§ 2241] petition as a § 2255 motion, it must be dismissed for lack of jurisdiction."). The only exception for a petitioner to collaterally challenge a conviction through a § 2241 petition is to satisfy the saving clause of § 2255(e). Moore v. United States, No. 23-30822, 2024 WL 5244553, at *1 (5th Cir. Dec. 30, 2024) (per curiam). A petitioner may do so "by showing that 'unusual circumstances make it impossible or impracticable to seek relief in the sentencing court.'" Id. (quoting Jones v. Hendrix, 143 S. Ct. 1857, 1868 (2023)). Gonzalez has not met her burden to show that unusual circumstances make it impossible or impracticable to seek relief in the sentencing court; thus, she has not satisfied the requisites of § 2255(e). These claims will be dismissed without prejudice for lack of jurisdiction.

And, finally, to the extent that Gonzalez brings an Eighth Amendment challenge regarding her conditions of confinement,[20] such a claim is actionable, if at all, in a civil rights complaint. See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) (explaining that a civil rights complaint is the "appropriate legal vehicle to attack unconstitutional . . . conditions of confinement") (citations omitted); see also Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.

---

[20] See id. (alleging that "I have been subjected to cruel and unusual punishment (8th Amendment)").

1995); Poree v. Collins, 866 F.3d 235, 243 (5th Cir. 2017). Civil rights claims are not actionable in a federal habeas proceeding because the writ of habeas corpus provides a remedy only for prisoners challenging the "fact or duration" of confinement and is not properly used as an avenue for relief from conditions of confinement. Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973); see also Poree, 866 F.3d at 243 (explaining that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983").

The Fifth Circuit has advised that if a prisoner has filed a suit that contains both habeas and civil rights claims, the district court should separate the claims and decide the civil rights claims. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (citing Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987)). It is not appropriate, however, to consider civil rights claims in a habeas proceeding because of requirements posed by the Prison Litigation Reform Act ("PLRA"). Unlike habeas proceedings, the PLRA requires prisoners asserting civil rights claims to pay the filing fee for a civil action even if the prisoner receives leave to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Additionally, a court is required by the PLRA to review the pleadings and "dismiss the case" if it determines that the action:

>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b) (setting forth the same grounds). A prisoner who incurs three dismissals or "strikes" loses his eligibility to proceed in forma pauperis and may be barred from filing suit unless he can show that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). The court therefore declines to convert this habeas proceeding into a civil action or allow the petitioner to evade the PLRA. To the extent that Gonzalez has attempted to raise claims concerning her conditions of confinement that are not actionable in a habeas corpus proceeding, the court will dismiss those claims without prejudice to refiling them in a separate civil action that is subject to the provisions found in the PLRA.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Respondent's Motion to Dismiss and for Summary Judgment (Docket Entry No. 14) is **GRANTED**.

2. The claims challenging the petitioner's sentence calculation contained in the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 are **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

3. The claims challenging the petitioner's conditions of confinement contained in the Petition for a

>  Writ of Habeas Corpus Under 28 U.S.C. § 2241 are **DISMISSED WITHOUT PREJUDICE** to refiling in a separate civil action.

4. The petitioner's remaining claims contained in the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 5th day of June, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE